## No. 11,375.

### JAMES, ET AL. *v.* JAMES, EXECUTRIX.

Decided December 12, 1927.

On motion to quash scire facias and service thereof.

### *Motion Denied.*

1. PRACTICE AND PROCEDURE—*Appearance—Special.* The fact that counsel says that he appears specially does not make his appearance a special one. In a special appearance only objections to the court's jurisdiction of the person may be raised.

2. APPELLATE PRACTICE—*Scire facias.* Where a defendant in error does not enter his appearance voluntarily he may be brought in by service of the writ of scire facias. If he cannot be found or is not within the state, service may be made by publication.

3. *Scire Facias.* The only object sought in issuing and serving a writ of scire facias is to give the reviewing court jurisdiction of the person of the defendant in error, and if he appears generally, the writ need not be served.

4. PRACTICE AND PROCEDURE—*Appearance—General.* The filing of a motion to quash a writ of scire facias and service thereof, on grounds involving the merits of the action, constitutes a general appearance for all purposes thereafter.

*Error to the District Court of Moffat County, Hon.
Charles E. Herrick, Judge.*

Mr. JOHN T. BOTTOM, Mr. W. B. WILEY, for plaintiffs
in error.

Mr. ERNEST MORRIS, for defendant in error.

*En Banc.*

Opinion per curiam.

HERETOFORE, on application of plaintiffs in error, and
for good cause shown, we ordered that service of the
writ of scire facias issued herein might be made by pub-
lication as our rule 20 contemplates. Such publication it
seems was made. Defendant in error "appearing spe-
cially for the purpose of this motion only, and for no
other purpose," asks that the writ itself be quashed and
that the attempted service of the same by publication be
set aside. This motion is misconceived. Every appear-
ance by a party to a suit through his counsel is presumed
to be a general appearance unless the contrary is made
clearly to appear. Though counsel for defendant in
error here says that he appears "specially," that does
not make his appearance a special one. That depends
upon the nature and character of the objections, to urge
which he makes the appearance. This pronouncement we
made in a recent case, *Isham v. People,* 82 Colo. 550, 262
Pac. 87. Among other things we said: "In a special
appearance only objections to the court's jurisdiction of
the person may be raised." Where a defendant in error
does not enter his appearance voluntarily, he may be
brought in by service of the writ of scire facias. If, as
in this case, the defendant in error is not within the state,
or cannot be found here or resides in another state, so
that personal service of the sci. fa. cannot be made,
service by publication may be had and we authorized
such service in this case. The very and only object sought

in issuing and serving a sci. fa. is to give the reviewing court jurisdiction of the person of the defendant in error, but if he appears generally, as is usually the practice with us, the sci. fa. does not go, or, if issued, it need not be served. Plaintiffs in error here do not claim that defendant in error was in the reviewing court before the service of sci. fa. upon her or before her voluntary general appearance. Before the order for, or service of, the sci. fa. by publication was made, the defendant in error had neither appeared generally nor had she been served with process. In this motion to quash, the defendant in error states that she appears specially and as the first ground thereof says that the court has no jurisdiction of her person; and as a second ground she says that the sci. fa. was not issued or directed or served upon any defendant in error who was in existence either at the time of the issuance or attempted service of the writ or at any time thereafter; that she was not at the time the writ of error was issued herein or at any time thereafter the executrix of the estate of William H. James, deceased, and that said estate was finally settled on August 10, 1925; that she, as executrix of such estate, made her final report in Moffat County, Colorado, on August 10, 1925, and on that date was finally discharged as such executrix. It will thus appear that not only does the defendant in error attempt to say that the court has no jurisdiction of her person, but her motion further alleges that the court has no jurisdiction of the subject matter of the litigation and it involves the merits of the action. She thus of her own volition and by her own acts and her own objections, has appeared generally instead of specially and, therefore, if jurisdiction of her person was not acquired before she filed this motion to quash, she has thereby voluntarily submitted herself to the court's jurisdiction and is present in this action for all purposes thereafter.

The motion to quash is therefore denied.

All the Justices concurring.